UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

NATHAN HENSON                                                  PLAINTIFF

v.                                           CIVIL ACTION NO. 5:15CV-P116-TBR

VERIZON WIRELESS INC.                                DEFENDANT

**MEMORANDUM OPINION**

      Plaintiff Nathan Henson initiated this *pro se* action by filing a civil-rights complaint on his own paper. On May 13, 2015, the Clerk of Court issued a Notice of Deficiency (DN 3) to Plaintiff directing him to file his action on a form; to either pay the filing fee or file an application to proceed without prepayment of fees along with a certified copy of his prison/jail trust account statement; and to complete and return a summons for each Defendant. The Notice of Deficiency advised Plaintiff that failure to comply within 30 days would result in this matter being brought to the attention of the Court. Plaintiff failed to comply. Consequently, by Order (DN 4) entered June 22, 2015, the Court directed Plaintiff to comply with the foregoing deficiencies. The Court warned Plaintiff that his failure to comply within 30 days from the entry of the Order would result in dismissal of the action for failure to prosecute and for failure to comply with an Order of this Court. The compliance period has expired, and Plaintiff has failed to comply or show cause for said failure.

      Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal

training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

      Because Plaintiff failed to comply with a straightforward Order of this Court, the Court concludes that he has abandoned any interest in prosecuting this action. A separate Order of dismissal will be entered.

Date:

cc:    Plaintiff, *pro se*
4413.005